# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10-cv-7343 | **DATE** | 12/1/10 |
| **CASE TITLE** |  | Lockett v. Collins | |

## DOCKET ENTRY TEXT

Plaintiff's Complaint fails to state a claim for relief. Accordingly, the Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and Plaintiff's *In Forma Pauperis Application* [3] is denied. All other motions are denied as moot. See statement below.

■[ For further details see text below.]    Docketing to mail notices.

## STATEMENT

On November 15, 2010, Charles Henry Lockett submitted a Complaint with an application to proceed without paying the customary $350 filing fee. Lockett's Complaint purports to state a claim under the Fair Credit Reporting Act ("FCRA"), *codified at* 15 U.S.C. § 1681 *et seq*. The gravamen of his claim is that his Experian Credit Report lists the address of an apartment in which he never lived. Lockett claims that this mistake has caused denial of employment, credit, and housing. He names Elizabeth Maria Collins as the sole defendant and states that the Defendant is a company doing business in Illinois.

If a court is presented with a case submitted with a request to proceed *in forma pauperis*, it is obligated to dismiss the case if it determines at any time that the action fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The court applies the same standard it would use to rule on a Rule 12(b)(6) motion to dismiss. *See DeWalt v. Carter*, 224 F.3d 607, 611 (7th Cir. 2000). The court views the complaint's allegations in a light most favorable to the plaintiff, draws all reasonable inferences in favor of the plaintiff, and takes as true all well-pleaded facts and allegations in the complaint. *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 764 (7th Cir. 2010). Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to provide the defendant with fair notice of the plaintiff's claims and the grounds upon which they rest. *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007) (*Twombly*). To survive a motion to dismiss, the plaintiff's claim must be plausible and the factual allegations of the complaint must be "enough to raise a right to relief above the speculative level." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555).

Lockett's Complaint would not survive a motion to dismiss because it fails to state a sufficient claim for relief against the named Defendant. Lockett cites two sections of the FCRA. Section 616 provides civil liability for willful noncompliance with the FCRA and for obtaining a credit report under fraudulent pretenses. *See* 15 U.S.C. § 1681n. Section 17 provides civil liability for negligent noncompliance with the FCRA. *See* 15 U.S.C. § 1681o. Lockett's Complaint contains no allegations to suggest that Collins somehow failed to comply with the FCRA – an act which, in general, regulates the actions of credit-reporting agencies. Because Lockett's Complaint fails to state a claim upon which relief may be granted, the Court denies his *In Forma Pauperis* Application and dismisses his Complaint.

## STATEMENT

Although the following did not provide the basis for this Court's decision, the Court notes that Judge Hibbler dismissed a very similar case filed by Lockett on the same day the instant case was filed. *See Lockett v. Medenez*, No. 10-cv-7344, Docket No. 6 (N.D. Ill. Nov. 16, 2010). Furthermore, review of the Court's electronic-filing system reveals that Lockett filed nine separate cases under the FCRA within the course of three business days. A litigant who is allowed to proceed without paying the customary filing fee does so at the public's expense. The simultaneous presentation of similar claims before eight judges represents a poor use of public resources, and such actions may result in the loss of the privilege of filing cases *pro se* in this district.